# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-50321
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEITH BERNARD GIVENS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:07-CR-198-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Givens appeals his conviction of possession of a firearm in further-ance of a drug-trafficking crime. He argues that the evidence is insufficient to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his conviction. Givens moved for a judgment of acquittal at the close of the government's case; because he did not present any evidence in his defense, he was not required to renew his motion after he rested. *See United States v. Resio-Trejo*, 45 F.3d 907, 911 n.6 (5th Cir. 1995). Therefore, review is *de novo*. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).

A rational trier of fact could have found that the evidence established beyond a reasonable doubt that Givens possessed the firearm in furtherance of drug-trafficking activity. *See United States v. Ceballos-Torres*, 218 F.3d 409, 411 (5th Cir.), *amended on other grounds*, 226 F.3d 651 (5th Cir. 2000). The parties stipulated that Givens had entered guilty pleas to counts one through four, which established that Givens had committed drug-trafficking offenses.

A confidential informant told police that Givens was distributing cocaine base and assisted officers in making two controlled buys of cocaine base from Givens. Officers followed Givens to his residence after the controlled buys, then obtained a search warrant for Givens's residence. During the search, officers found the firearm, cocaine base in several locations, marihuana in the refrigerator and in a car parked in the garage, a digital scale, and $866 in currency. The firearm was found in a kitchen cabinet; although the firearm was not loaded, a magazine containing ammunition was found next to it. A swab test of the firearm revealed that it had cocaine residue.

In the kitchen, officers also found cocaine base, hidden in a false compartment in a food can, and a digital scale. Givens' codefendant and girlfriend, Christina Nguyen, testified that she had seen the firearm in a laundry basket and in a kitchen drawer after Givens moved into the residence. Nguyen testified that she had observed Givens cooking crack cocaine in the kitchen and that he sold drugs and did not work during the time he lived with her. In a statement to police, Givens admitted that the firearm belonged to him and that he possessed it for protection.

The jury could have reasonably found that the firearm was easily access-

ible to Givens and that the close proximity of the firearm and ammunition to cocaine base and a digital scale found in the kitchen indicates that the firearm was used to protect the drugs. A rational trier of fact could have found that the evidence established beyond a reasonable doubt that Givens possessed the firearm in furtherance of drug-trafficking activity. *See Ceballos-Torres*, 218 F.3d at 411.

Givens argues that the district court abused its discretion in denying his motion for disclosure of the confidential informant's identity. He urges that the informant could have provided exculpatory evidence relevant to whether Givens possessed a firearm in furtherance of drug-trafficking activity on the dates of the controlled buys. Because Givens pleaded guilty to counts one through four involving the drug transactions, the informant's testimony was not necessary to convict Givens of these drug offenses. Further, the parties stipulated at trial, on the firearms offense, that Givens had entered guilty pleas to counts one through four. There is no evidence that Givens possessed a firearm on the dates of the controlled drug transactions involving the informant.

Givens's argument is speculative; he has not shown that the informant could have provided evidence concerning the firearm offense that would have been helpful to the defense. Further, the government had a interest in the non-disclosure of the informant, who was assisting in other investigations. Therefore, Givens has not shown that the district court abused its discretion in denying his request for disclosure of the informant's identity. *See United States v. Sanchez*, 988 F. 2d 1384, 1391 (5th Cir. 1993).

Givens contends that the district court erred in denying his motion to disqualify the jury panel. He says that the panel did not represent a fair cross section of the community, because blacks are a distinct group; there were no black members in the venire from which the jury was chosen; and there was no explanation for the exclusion. Givens has not established a *prima facie* case, because he has not produced any evidence of systematic exclusion in the jury selection process, *see Duren v. Missouri*, 439 U.S. 357, 364 (1979), and he relies solely on

the composition of the panel at his own trial, *see United States v. Williams*, 264 F.3d 561, 568 (5th Cir. 2001); *Timmel v. Phillips*, 799 F.2d 1083, 1086 (5th Cir. 1986).

AFFIRMED.